## STATE v. CANNON.

[79 South. 85, Division A.]

1. INTOXICATING LIQUORS.    *Transporting liquors.*

An indictment for violation of Laws 1916, chapter 103, section 6, must charge that liquors ordered by defendant in the name of another were "to be shipped to him" and it is not enough to state that the liquor was ordered in the name of another.

2. SAME.

The gravamen of such offense is that the person ordering the liquor is ordering it for his own use and benefit and is using the name of another, but in realty expects to get the shipment himself, and is thus ordering it shipped to him.

3. INDICTMENT AND INFORMATION. *Formal defect. Amendment.*

An indictment under section 6, chapter 103, Laws 1916, which fails to charge that liquor ordered to be shipped in the name of another was to be shipped to the defendant, was not merely formally defective so that it could be amended.

APPEAL from the circuit court of Lincoln county.
HON. D. M. MILLER, Judge.

Luther Cannon was indicted for a violation of the liquor laws. From an order sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Earl N. Floyd,* for appellant.

A person may order liquors in the name of another, either for himself or for the consignee, but unless the consignment of liquor comes within the exceptions of section 27 as to use, amount, etc., the act of so ordering it would be illegal. In other words, the said section 6 was aimed at the practice of ordering liquor in the name of another both to be used of the person ordering and the mere allegation that it was ordered in the name of another carries with it according to the ordinary meaning of the language, the inference that the interest of the consignee was only nominal and not real.

Section 26 of the said chapter 103 provides: "That in any indictment or presentment for any violation of this act it shall not be necessary to negative the exceptions herein contained, or that the liquors, bitters and drinks were ordered shipped, transported or delivered for any of the purposes set out in the succeeding section hereof; but such exceptions may be relied upon as defense and the burden of establishing the same shall be upon the person claiming the benefits thereof."

It is to be observed that the above section makes it unnecessary to negative in an indictment any of the exceptions under which liquor might be lawfully received, but expressly says that such exceptions shall be relied on as a defense. I therefore respectfully submit that the appellant should have been put to the necessity of proving that the liquors ordered in the name of another party came within the exceptions provided for in the act.

It is a well-established rule of criminal pleading that only when an exception in a penal statute is so incorporated with the enactment as to constitute a material part of the definition or description of

the offense that it need be negatived in the indictment; otherwise, it is a matter of defense merely. An illustration: in an indictment under a peddler's license act which excepted from its operation goods manufactured in the state it was held in *State* v. *Hogdon*, 41 Vt. 139, that it was not necessary to aver that the goods peddled were not manufactured in the state. Under another statute of the same state prohibiting the killing of deer, the third section of which provides that it should not apply to deer partially or wholly domesticated. It was held in *State* v. *Norton*, 45 Vt. 258, that it was unnecessary to aver that the deer referred to was not domesticated. Joyce on Indictments, section 390, page 452.

Conceding that the foregoing rule is a true test we have only to determine whether the language of section 6 of the above act is such in itself as to make it necessary to negative the fact that the liquor so ordered in the name of another was not for the use of the person ordering the same. This rule of construction considered in the light of the express provisions of section 26, which is a statutory announcement of the same rule, is sufficient in my opinion to throw grave doubt on the correctness of the order sustaining the demurrer.

If mistaken in the foregoing contention, I submit that the court erred when it did not permit the amendment of the indictment in accordance with the motion to that effect so as to bring it beyond the peradventure of a doubt within the scope of the requirements of section 6. This amendment must, at most, be descriptive of the real ownership of the liquor alleged to have been ordered, and, under well established views of this court, descriptive matter may be inserted by amendent into an indictment.

That it is the policy of our state to permit liberal amendments in the way of indictments that do not

affect prejudicially the accused and his defense is further shown by section 1426, Code of 1906, (section 1182 Hemingway's Code), which expressly provides that the court may cause the indictment to be amended for any formal defect.

*Luther L. Tyler,* for appellee.

The state complains that: 1. The demurrer should have been overruled; and, 2. The amendment should have been allowed.

Chapter 103, Laws 1916, contains many prohibitions regarding shipment, possession and use of intoxicating liquors. Section 1 forbids the shipment and transportation by any means, any liquors to be used or possessed in violation of any of the provisions of the act.

Section 2 forbids any person to accept any delivery in violation of the act. Section 3 prohibits banks handling drafts, etc. Section 4 prohibits the giving of an order for the delivery of any shipment to any person whereby the party receiving the shipment would obtain or receive it for himself.

This latter section is the only prohibition against ordering liquor, to be found in the entire chapter. All other prohibitions have to do with the acceptance, receipt, possession · or use of such liquors. It is clear, therefore, that the intention of this section, on which the indictment in this case was attempted to be predicated, was to prohibit persons from ordering liquors shipped to him or for his use in the name of another person so as to thereby secure and obtain more liquor than he would otherwise be entitled to receive under this act.

The language of the section does not include any prohibition against ordering a quart of liquor shipped to a friend for the lawful use and possession of that friend, either specifically or by inference.

If Bolian had given Cannon an order for the shipment so as to enable the latter to secure the shipment, then there would have been a violation of section 4.

If Bolian had received the shipment and the same had been in excess of the amount allowed to be received by one individual within fifteen days, then there would have been a violation of section 9 of the act.

Under either state of facts, however, Bolian would have been the criminal, and not Cannon. Unless, and not unless Cannon ordered the liquor shipped "to him" in the name of Bolian, he violated no law. In other words, unless he had some interest in the liquor after its arrival and delivery; unless by that scheme he was using Bolian as a medium through and by which he, Cannon, was to receive intoxicating liquors, his act was not condemned by any provisions of chapter 103.

The indictment is presumed to allege all the facts which go to make the offense, and it will not do to say that the grand jury may bring in an indictment presenting that a citizen has committed an act entirely free from any criminal nature, and that it is then to be presumed that there is some circumstance connected with the matter, but not alleged, which will render his act unlawful.

If the legislature had intended to prohibit one person ordering a quart of liquor sent to a friend at Christmas time, nothing would have been easier than to have omitted from section 6 the words "to him." On the other hand, if Cannon had ordered this liquor for himself, in the name of Bolian, the grand jury could and should have presented that he "ordered shipped to him in the name of Dave Bolian" etc. A citizen is not to be haled before the bar of the court on a criminal charge unless his acts continue

a crime, and all the essentials of the crime must, of course, be charged, and none of them are ever to be presumed under a statute the like of the one here involved.

Section 27 is invoked by the learned assistant attorney-general, and he says that it was unnecessary under section 26, to negative the exceptions contained in section 27. To this we, of course, assent. But, the case here does not come under any exception contained in section 27 to be pleaded and proved as a defense. If Bolian had received the , liquor, paragraph 1, of section 25, might have been available to him in a prosecution against him. If the shipment had been ordered by Cannon, "to him" and received by him, paragraph 2 would have been available.

None of these provisions, however, enter into the case. Neither do paragraphs 3, 4, or 5 apply. All these exceptions are to the absolute prohibitions contained in other sections of the Act and when they are relied on, they must be specially pleaded and proved by the accused, and are not required to be negatived by the state.

The act of the appellee, however, is not condemned by any provision of chapter 103, and in order that he may be held to answer, the state must present a state of facts which the law has said will constitute a crime. The court below, therefore, committed no error in sustaining the demurrer. The most the learned assistant attorney-general is able to conscientiously say to the court is that section 26 is sufficient in my opinion to throw grave doubts on the correctness of the order sustaining the demurrer." If there is room for doubt, then clearly the citizen is entitled to the benefit thereof, and the case should be affirmed on that point.

Complaint is then made that the district attorney was not permitted to insert language in the indictment

which would have charged the appellee with the commission of an act with which he was not charged by the grand jury.

The amendment sought to be made was in no sense descriptive of the ownership of the liquor alleged to have 'been ordered as contemplated by the statute and decisions of this court dealing with amendments. Formal defects may be cured by amendment, of course, but this court has never held, and we dare hope that it will not hereafter hold so long as our law remains unchanged, that a district attorney may, without even the responsibility of an oath, charge the commission of a criminal act by the allegation of a fact not found and presented by the grand jury in the indictment on which a citizen is held.

SYKES, J., delivered the opinion of the court.

Luther Cannon was indicted in the circuit court of Lincoln county for violation of section 6, chapter 103, Laws of 1916. The material averments of the indictment are as follows:

"That the said Luther Cannon did then and there unlawfully and willfully order or cause to be ordered intoxicating liquors from without the state of Mississippi in the name of another person, to wit, in the name of Dave Bolan, said shipment being made from Covington, in the state of Louisiana, to Bogue Chitto, in the state of Mississippi, by way of the American Express Company."

A demurrer was filed to this indictment, ground 1 of which is that "the indictment charges no offense under the law." This demurrer was sustained, and the state appeals.

Section 6 of the law in question reads as follows:

"That it shall be unlawful for any person to order, or cause to be ordered, any liquors mentioned in section 1 of this act to be shipped to him within this

state from without the state, in a fictitious name, or in the name of another; and it shall be unlawful for any person to allow or permit the use of his name by another in obtaining, ordering, or receiving or accepting delivery of any of said liquors in this state, or to aid, abet or assist another by the use of his name or any fictitious name, in obtaining possession of any such liquors or beverages from a carrier or other person or corporation.''

It will be noted that under the above section, when liquors are ordered in a fictitious name, or in the name of another, to violate this section, it is necessary that the indictment charge that these liquors are ''to be shipped to him.''

The gravamen of the offense is that the person ordering the liquor is ordering it for his own use and benefit and is using the name of another, but in reality expects to get the shipment himself, and is thus ordering it shipped to him. The essence of the offense consists in ordering the liquor in the name of another, in reality, however, to be shipped to the orderer. The name is really used as an attempted cloak to shield the offender.

Since the indictment omitted the material averment ''to be shipped to him,'' as provided under the above section of the law, the court was correct in sustaining the demurrer.

It is next insisted by the state that the court should have allowed the district attorney to amend the indictment by inserting the above words in it. The omission of these words, however, was not merely a formal defect in the indictment. The indictment charged no offense whatever.

*Affirmed.*